A. C. LAYTON AND CLARA D. LAYTON, RESPONDENTS, v. H. A. HOGUE ET AL., APPELLANTS.

INTEREST—NOT ALLOWED, WHEN.—Where an executor purchases through an agent a parcel of land belonging to the estate under his care as such, and suit is brought to set aside the sale and cancel the deed, neither he nor his heirs will be allowed interest upon the price paid for the same.

APPEAL from Linn County.

This suit was brought by A. C. Layton, as plaintiff, against the heirs at law and widow of J. P. Hogue, deceased, to set aside a sale of land made by the said J. P. Hogue, in his lifetime, as the executor of the last will and testament of Davis Layton, deceased; at which sale it appears said executor himself became the real purchaser of the land, acting through his agent and attorney, at the price of ten dollars per acre, amounting in the aggregate to the sum of $3129.80 in coin. It appears that at said executor's sale, Powell bid off the land at said price on July 18, 1868. The sale was confirmed August 3, 1868, and Hogue, as executor, etc., executed a deed therefor on October 12, 1868. On November 24, 1870, Powell and wife conveyed the land back to Hogue, the consideration recited being $4000, but as found by the court below the true consideration was $3129.80. The relief sought by the plaintiff was the set-

ting aside of said sale and the cancellation of said deeds, which relief wa's granted by the court below, and a referee was appointed to take an account of the rents and profits accrued to Hogue and his heirs since the sale, and also of the value of the permanent improvements made by them upon said land, and the amount of taxes paid by them during the interval. On the coming in of said report, the same was modified in some respects, and a final decree entered setting aside said sale, and declaring said deeds void. Interest was allowed to Layton's heirs upon the rents and profits from the end of each year, as the same accrued, up to the date of the decree. After allowing Hogue's heirs for the value of the improvements and for taxes paid, and deducting therefrom the value of rents and profits, with interest thereon as aforesaid, there was found due Layton's heirs the sum of $2300.70.

The heirs of Hogue were allowed the original purchase-price paid by their ancestor, the said executor, for said land—$3129.80, without interest—the court below refusing to allow interest thereon; and one of these sums being deducted from the other, a balance of $829.10 was decreed to be paid by Layton's heirs to Hogue's heirs. A. C. Layton and Clara D. Layton, one of the defendants, are identified in interest as against Hogue's heirs, and therefore are both made respondents in this appeal, which is only from so much of said decree as allows interest to them on rents and profits, and refuses interest to appellants on the purchase-money paid by their ancestor for the land at the sale, which is thus avoided.

*Powell & Flynn, and Dolph, Bronaugh, Dolph & Simon,* for Appellants..

*J. J. Murphy, J. M. Johns, and Thayer & Williams,* for Respondents.

By the Court, MCARTHUR, J.:

No statement of evidence accompanied this appeal, and we have nothing before us except the pleadings and the

decree.   Nor are any further papers necessary; for the only question presented for our consideration arises upon the refusal of the court below to decree the right of Hogue's heirs to recover interest upon the purchase-price of the parcel of land in question.   True, the question whether the sale was void or voidable was pressed upon our attention in the argument by respondent's counsel, but we do not think it necessary to pass upon that question; for whether void or voidable, the end desired was achieved by the respondents in the court below, and the sale was set aside.   It would be impossible in this case, without the testimony to guide us, to arrive at any conclusion upon the question, and it would be very embarrassing, without having the case fully before us, to pass upon so important a question of law.

Hogue, when acting as executor, was occupying an important trust capacity, one which should be discharged with the utmost fidelity, and in which all his acts, when subjected to the closest scrutiny, should disclose nothing which conflicts with honor, shocks conscience, or violates law.   By purchasing the land in the manner in which it is shown to have been purchased, the executor, Hogue, accomplished just what the law declared he should not do, and, in every step which he took leading up to the purchase, he occupied a position in which his interest and his integrity were in conflict.   His heirs are in no position to ask equity, for their ancestor did not do equity in this matter. We are of opinion that the court below took as charitable a view of his acts as could be taken, and allowed his heirs all that the most indulgent chancellor could have allowed. They certainly are in no position to demand and insist upon anything further.   Upon no principle of law or equity with which we are acquainted, or which we have been able to discover, would they be entitled to recover the interest they insist upon.   To allow them to do so, would, in effect, be allowing them to reap an advantage from the wrongful and inequitable act of their ancestor.   The decree of the court below must be affirmed.

Affirmed.